ORTIZ & ASSOCIATES
A LAW CORPORATION

JONATHAN L. ORTIZ                 2297-0
CHRISTINE S. PREPOSE-KAMIHARA  9039-0
CATHY S. JUHN                     7877-0
2121 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Phone No.:  (808) 524-6696
Fax No.:    (808) 524-6690

Attorneys for Plaintiff
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>ARBORSCAPES SERVICES LLC aka ARBORSCAPES HAWAII,<br><br>    Defendants. | CIVIL NO.   18-00454-LEK-KJM<br>(Declaratory Judgment)<br><br>FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANT ARBORSCAPES SERVICES LLC aka ARBORSCAPES HAWAII<br><br>*Caption continued on next page* |

1

|  | ) Hearing: |
|---|---|
|  | ) Date:  August 30, 2019 |
|  | ) Time:  9:00 a.m. |
|  | ) Judge: Hon. Kenneth J. Mansfield |
|  | ) |

FINDINGS AND RECOMMENDATION GRANTING PLAINTIFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AGAINST DEFENDANT <u>ARBORSCAPES SERVICES LLC aka ARBORSCAPES HAWAII</u>

Before this Court is Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's ("STATE FARM") Motion for Default Judgment or, in the Alternative, for Summary Judgment Against Defendant Arborscapes Services LLC aka Arborscapes Hawaii. Said Motion came on for hearing on August 30, 2019 at 9:00 a.m., with Christine S. Prepose-Kamihara appearing on behalf of State Farm. Three calls were made for Defendant ARBORSCAPES SERVICES LLC aka ARBORSCAPES HAWAII ("ARBORSCAPES") with no response. Upon careful consideration of the Motion, supporting memoranda, and the arguments of counsel, the Court hereby finds and recommends that STATE FARM's Motion be GRANTED.

I.   <u>BACKGROUND</u>

The instant declaratory relief action was brought by STATE FARM so that it may obtain a judicial determination as to its defense and indemnity obligations, if any, to ARBORSCAPES with respect to the claims asserted against

it in the civil action encaptioned *Dongbu Insurance and Pinky Tows Hawaii, Inc. v. Arborscapes Services LLC*, Civil No. 17-1-1628-10 VLC, filed in the Circuit Court of the First Circuit, State of Hawaii (the "Underlying Lawsuit").

    A.    <u>The Underlying Lawsuit.</u>

On October 5, 2017, Dongbu and Pinky Tows filed a Complaint against ARBORSCAPES in the Circuit Court of the First Circuit of the State of Hawaii, encaptioned, *Dongbu Insurance and Pinky Tows Hawaii, Inc. v. Arborscapes Services LLC*, Civil No. 17-1-1628-10 VLC (the "Underlying Lawsuit"). ECF No. 26, at Exh. A.

The Complaint in the Underlying Lawsuit alleges that ARBORSCAPES owned a 2004 F550 truck ("F550 truck") with a boom and basket attached. *Id.* On or about December 14, 2016, an ARBORSCAPES' employee, agent, and/or representative requested that Pinky Tows Hawaii, Inc. ("Pinky Tows") tow the F550 truck, and in the course of doing so, the F550 truck's boom and basket crashed on top of Pinky Tows' tow truck with the operator still inside the basket. *Id.*

The Complaint in the Underlying Lawsuit also alleges that Pinky Tows' tow truck sustained damage in the amount of $12,313.19 as a result of ARBORSCAPES' boom and basket crashing into it. *Id.* Pinky Tows had to rent a replacement tow truck at a cost of $98,167.50. *Id.* Pinky Tows tendered the repair

estimate for its tow truck and the rental of the replacement tow truck to ARBORSCAPES and its insurance carrier, and they refused to pay. *Id.*

The Complaint in the Underlying Lawsuit further alleges that Pinky Tows was insured by an insurance policy issued by Dongbu Insurance ("Dongbu"), and thus, it requested Dongbu pay for the damages. *Id.* Dongbu alleges that it was required to and did pay the cost to repair the tow truck, which was $11,319.19, less $1,000.00 for Pinky Tows' deductible under Pinky Tows' insurance policy, and thus, became subrogated to Pinky Tows' rights. *Id.* Dongbu also alleges that Pinky Tows' insurance policy with it did not provide for reimbursement of the costs to rent a replacement tow truck. *Id.* Dongbu further alleges that it made a demand on ARBORSCAPES and its insurance company for payment of the monies expended for the property damage and the replacement rental costs, but it has not received payment. *Id.*

Dongbu and Pinky Tows allege that ARBORSCAPES is liable for damages in the total amount of $110,481.39. *Id.*

B. Procedural History.

On November 20, 2018, STATE FARM filed its Complaint for Declaratory Judgment against ARBORSCAPES. ECF No. 1.

On December 15, 2018, the Complaint and Summons were personally served on ARBORSCAPES by leaving the Complaint and Summons at

4

ARBORSCAPES' Agent's address with Jo Aweau, a person of suitable age and discretion who resided at the property. ECF No. 10.

On May 31, 2019, STATE FARM filed its Motion for Entry of Default and Default Judgment Against Defendant Arborscapes Services, LLC aka Arborscapes Hawaii, on the basis that (1) the time within ARBORSCAPES could have answered or otherwise moved or defended against STATE FARM's Complaint, as provided in the Federal Rules of Civil Procedure or any other rule of the court expired; and (2) no extension having been granted, ARBORSCAPES failed to answer or otherwise move in accordance with Rule 12 of the Federal Rules of Civil Procedure. ECF No. 18. On May 31, 2019, the Clerk of the Court entered default against ARBORSCAPES. ECF No. 19. ARBORSCAPES has not moved to set aside the Entry of Default against it.

  C. <u>The State Farm Policy.</u>

ARBORSCAPES was issued a State Farm Car Policy, Policy Number 086 0896-B23-51, which was in force and effect at all times relevant hereto ("Policy"). ECF No. 26, at Exh. B. The Policy provided coverage with liability limits of $100,000.00, per occurrence.

STATE FARM also issued an Amendatory Endorsement on Form 6951A.1, which was made a part of the Policy. The relevant provisions are:

> **Insuring Agreement**
> 1.   *We* will pay damages, including punitive or exemplary damages, an insured becomes legally liable to pay because of:
> . . .
> > b.   damage to the property caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

ECF No. 26, at Exh. C.

STATE FARM further issued a Commercial Vehicle Endorsement on Form 6018BY as a part of the Policy.  The relevant provisions are:

> 2.   **LIABILITY COVERAGE**
> . . .
> > b.   **Exclusions**
> > The following are added:
> > . . .
> > (2)   THERE IS NO COVERAGE FOR AN *INSURED* FOR DAMAGES ARISING OUT OF THE OPERATION, MAINTENANCE, OR USE OF ANY EQUIPMENT THAT IS TOWED BY, MOUNTED ON, OR CARRIED ON ANY VEHICLE.  This exclusion does not apply to equipment:
> > > (a)   mounted on the vehicle and designed solely for the loading or unloading of the vehicle; or
> > > (b)   designed for:
> > > > (i)   snow removal;
> > > > (ii)  street cleaning; or
> > > > (iii) road maintenance, other than construction or resurfacing.

ECF No. 26, at Exh. D.

II.     DISCUSSION

Upon careful consideration of the materials submitted by STATE FARM, together with the instant Motion, the Court finds that there is no coverage afforded to ARBORSCAPES for the claims alleged against it in the Underlying Lawsuit pursuant to the terms and conditions of the subject Policy.  Accordingly, based on STATE FARM's supporting documentation, which indicates a lack of coverage under the Policy; ARBORSCAPES' failure to respond to STATE FARM's Complaint; and the appropriateness of default judgment after consideration of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1991), this Court hereby recommends that default judgment against ARBORSCAPES be GRANTED.

   A.    Coverage for the Claims in the Underlying Lawsuit is Precluded by the Policy's Exclusion for Property Damage Arising Out of the <u>Operation or Use of Equipment Mounted or Carried on a Vehicle.</u>

The Policy's exclusion for property damage arising out of the operation or use of equipment mounted or carried on a vehicle applies to bar coverage.  The Underlying Lawsuit alleges that ARBORSCAPES owned an F550 truck with boom and basket attached.  It further alleges that an employee or agent of ARBORSCAPES' was operating the F550 truck, when the boom and basket with the operator still in the basket crashed onto Pinky Tows' tow truck.  The Underlying Lawsuit also alleges that as a result of the boom and basket, Pinky

Tows' tow truck sustained property damage. This Court therefore finds that the allegations in the Underlying Lawsuit fall within the Policy's exclusion for property damage arising out of the operation or use of equipment mounted or carried on a vehicle so as to preclude ARBORSCAPES from coverage.

B. <u>Default Judgment is Appropriate.</u>

The Court finds and recommends that the Motion be granted and that default judgment be entered against ARBORSCAPES and in favor of STATE FARM.

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, default judgment may be entered as follows:

> (1) **By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearing or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

When determining whether default judgment is appropriate in a particular case, the court, exercising its discretion, may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel,* 782 F.2d at 1471-72.

  Applying the above to the present case, the record shows that the Complaint and Summons in this action were served upon ARBORSCAPES on December 15, 2018.  ECF No. 10.  ARBORSCAPES did not answer or otherwise defend against STATE FARM's Complaint, and the time to do so, as provided by the Federal Rules of Civil Procedure or any other rule of Court, has expired.  *See* ECF No. 20.  Default was entered against ARBORSCAPES by the Clerk of the Court on May 31, 2019.  ECF No. 19.  ARBORSCAPES has not moved to set aside the default entered against it and neither opposed STATE FARM's Motion

nor appeared at the hearing for said Motion. *See* ECF No. 29. Based on ARBORSCAPES' default, the allegations in STATE FARM's Complaint, and the records and files herein, this Court finds that the *Eitel* factors, cited above, weigh in favor of default judgment against ARBORSCAPES.

Accordingly, because the Policy affords no coverage to ARBORSCAPES with respect to the Underlying Lawsuit, default judgment in favor of STATE FARM and against ARBORSCAPES is appropriate.

III. CONCLUSION

For the foregoing reasons, this Court FINDS and RECOMMENDS that Plaintiff State Farm's Motion for Default Judgment or, in the Alternative, for Summary Judgment Against Defendant Arborscapes Services, LLC aka Arborscapes Hawaii be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 16, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*State Farm Mut. Aut. Ins. Co. v. Arborscapes Servs. LLC*, Civil No. 18-00454 LEK-KJM; Findings and Recommendation Granting Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Default Judgment or, in the Alternative, for Summary Judgment Against Defendant Arborscapes Services LLC aka Arborscapes Hawaii